**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

DAVID STEBBINS,

               Appellant,

v.

JOSHUA MOON, *et al*.,

               Appellees.

4th Cir. Case No. 26-1556

S.D. W.Va. Case No. 2:24-cv-140

**JOSHUA MOON AND LOLCOW LLC'S
MOTION TO REMAND**

NOW COME Joshua Moon and Lolcow, LLC, appellees, by counsel, and move that this case be remanded to the District Court so that the procedures of Fed. R. App. 24 (a) and 28 U.S.C. § 1915 (a)(3) can be properly followed. In support of this Motion, Mr. Moon and Lolcow LLC state as follows:

1.  Fed. R. App. P. 24 (a) provides the mandatory procedural mechanism to seek leave to appeal *in forma pauperis*. Mr. Stebbins has not followed that process, and in fact expressly confesses in his Notice of Appeal that he seeks to thwart the normal operation of the rules. ECF No. 42 ("I will not attach an affidavit of indigency… because… there is a 100% chance that the District Judge will simply declare that the appeal is not taken in good faith…"). This case must be remanded so that Mr. Stebbins does not benefit from his admitted and intentional violation of the rules.

2.  When an appellant seeks to proceed as a pauper, that party must file an affidavit in the District Court. Fed. R. App. P. 24 (a). The District Court may either

grant or deny leave to appeal *in forma pauperis*. *Id*. at (b).  Only if the District Court denies the motion to proceed as a pauper may a motion be filed in this Court. Fed. R. App. P. 24 (a)(5).

3.  In his Notice of Appeal, Mr. Stebbins demonstrates a remarkable familiarity with the Federal Rules of Appellate Procedure, as befits his status as a twice- or thrice-declared vexatious litigant.[1] ECF No. 42. Specifically, Mr. Stebbins states that he will not comply with Fed. R. App. P. 24's requirements that he file an application to proceed *in forma pauperis* with the District Court, because he is certain that if he does so the District Court will "declare that the appeal is not taken in good faith" pursuant to Fed. R. App. P. 24 (a)(3)(A). If such a District Court declaration was

---

[1] On this point, Joshua Moon and Lolcow LLC refer this Court to the briefing in a related mandamus action, *In re David Stebbins*, Case No. 26-1398. Specifically, Mr. Stebbins admitted in that matter to having been once-declared a vexatious litigant, but claimed a second pre-filing restriction arising from his vexatious status was not yet finalized on appeal. Mr. Stebbins then moved to strike a <u>third</u> court order prohibiting him from filing pleadings without the benefit of an attorney, although he did not challenge its veracity. The underlying California decision declaring Mr. Stebbins vexatious is available at *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 U.S. Dist. LEXIS 169937 (N.D. Cal. Aug. 30, 2023). Similar orders restricting Mr. Stebbins' ability to file have been entered by both state and federal courts in Arkansas. Exhibits 1-2. Mr. Stebbins' first reaction when his filing privileges were restricted was to forum shop. *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 U.S. Dist. LEXIS 79361, at *2 (W.D. Ark. May 8, 2018) ("the Court believes that the only reason why Mr. Stebbins filed the instant lawsuit in the Eastern District… was either to avoid judicial review by the undersigned, who is very familiar with these facts, or to avoid the filing restrictions that were imposed upon him by the Honorable P.K. Holmes, III, Chief United States Judge for the Western District of Arkansas, in *David A. Stebbins v. Rita F. Stebbins and David D. Stebbins*, Case No. 3:12-CV-03130, Doc. 10.").

made, this Court would be statutorily unable to proceed because 28 U.S.C. § 1915 (a)(3) prohibits a grant of *in forma pauperis* status if the trial court makes such a finding.

4.  Mr. Stebbins appears to believe that he can end-run the District Court's ability to declare his appeal is taken in bad faith by rushing first to this Court. That is contrary to the rules, and it is directly at odds with 28 U.S.C. § 2815 (a)(3).

5.  Mr. Stebbins' procedural gamesmanship[2] cannot be permitted to prevail. If the District Court ultimately denies Mr. Stebbins the ability to proceed *in forma pauperis* on appeal, only then will this Court have the ability to consider any future motion for such status. Fed. R. App. P. 24 (a)(5). This Court has no discretion in the rules to consider a motion before the District Court does so, and therefore this Court should remand this case to the Southern District of West Virginia so that Mr. Stebbins can comply with the rules he confesses he would rather avoid.

---

[2] Sadly, procedural gamesmanship is one of the hallmarks of Mr. Stebbins' litigation history. "[T]he Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship." *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 U.S. Dist. LEXIS 169937, at *7 (N.D. Cal. Aug. 30, 2023), citing *Stebbins v. Polano*, No. 21-CV-04184-JSW, ECF No. 134 at 1:24-25 (N.D. Cal. Apr. 12, 2022).

WHEREFORE, this Court should remand this matter to the District Court so that any motion for leave to proceed as a pauper can be adjudicated in the first instance by that court. Fed. R. App. P. 24 (a)(1), *cf.* 28 U.S.C. 2815 (a)(3).

Respectfully submitted this the 5th day of May 2026,

JOSHUA MOON
LOLCOW LLC

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve the Petitioner. I have also sent an electronic courtesy copy to the petitioner via email addressed to: acerthorn@yahoo.com

Dated: May 5, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 27(d)(2), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32(f), 859 words in length. I have relied upon Microsoft Word's word count tool to establish that count.

Dated: May 5, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*