## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID STEBBINS,

Appellant,

v.

JOSHUA MOON, *et al.*,

Appellees.

4ᵗʰ Cir. Case No. 26-1556

S.D. W.Va. Case No. 2:24-cv-140

## JOSHUA MOON AND LOLCOW LLC'S
## MOTION TO RECONSIDER
## ORDER GRANTING *IN FORMA PAUPERIS* STATUS

NOW COME Joshua Moon and Lolcow, LLC, appellees, by counsel, and submit this Motion to Reconsider the clerk's order granting David Stebbins *in forma pauperis* status. Dkt. 12. In support of this Motion, Mr. Moon and Lolcow, LLC state as follows:

1.  The Clerk of Court granted Mr. Stebbins *in forma pauperis* status in this case by order dated May 7, 2026. Doc. No. 12. Local Rule 27 (g) provides that any party may request reconsideration by the Court within 14 days. This is such a request.

2.  The appellant, Mr. Stebbins, was denied *in forma pauperis* status below. He is therefore not proceeding *in forma pauperis* as a matter of right or pursuant to District Court authorization. Fed. R. App. P. 24. But Mr. Stebbins has expressly refused to follow the proper procedure to seek *in forma pauperis* status on appeal by filing an affidavit with the District Court pursuant to Fed. R. App. P. 24 (a). And Mr.

Stebbins has told this Court exactly why he has not followed the proper procedure, leaving no room for an assumption of an error grounded in good faith: Mr. Stebbins admits "there is a 100% chance that the District Judge will simply declare that the appeal is not taken in good faith…"). ECF No. 42.

3. Fed. R. App. P. 24 (a) provides the mandatory procedural mechanism to seek leave to appeal *in forma pauperis*. Mr. Stebbins has not followed that process, and in fact expressly confesses in his Notice of Appeal that he seeks to thwart the normal operation of the rules. ECF No. 42. When an appellant seeks to proceed as a pauper, that party must file an affidavit in the District Court. Fed. R. App. P. 24 (a). The District Court may either grant or deny leave to appeal *in forma pauperis*. *Id*. at (b). Only if the District Court denies the motion to proceed as a pauper may a motion be filed in this Court. *Id*. at (a)(5). None of that happened here, and there is no authorization in the rules for the appellate court to grant *in forma pauperis* status under these circumstances.

4. Mr. Stebbins appears to believe that he can end-run the District Court's ability to declare his appeal is taken in bad faith by rushing first to this Court. That is contrary to the rules, and it is also directly at odds with 28 U.S.C. § 2815 (a)(3). This

Court cannot reward Mr. Stebbins' procedural gamesmanship.[1] If the District Court ultimately denies Mr. Stebbins the ability to proceed *in forma pauperis* on appeal, only then will this Court have the ability to consider any future motion for such status. Fed. R. App. P. 24 (a)(5).

5.   Additionally or alternatively, this Court should deny in forma pauperis status because such status is not a sound exercise of its discretion and the use of taxpayer resources. As the Magistrate Judge noted in his Report and Recommendation below, Mr. Stebbins has a history of vexatious litigation and is twice-declared as a vexatious litigant. ECF No. 24 at 14, citing *Stebbins v. Google LLC*, No. 3:23-cv-322 (N.D. Cal. Aug. 31, 2023), ECF No. 71 at 17. At the time of the Magistrate's Report and Recommendation, Stebbins had initiated approximately fifty lawsuits in forma pauperis since 2010. ECF No. 24 at 6 *et seq*. That count rapidly became out of date, and it appears Mr. Stebbins has filed at least the following new actions, appeals, or petitions for mandamus, since January 2025:

---

[1] Sadly, procedural gamesmanship is one of the hallmarks of Mr. Stebbins' litigation history: "the Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship." *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 U.S. Dist. LEXIS 169937, at *7 (N.D. Cal. Aug. 30, 2023), citing *Stebbins v. Polano*, No. 21-CV-04184-JSW, ECF No. 134 at 1:24-25 (N.D. Cal. Apr. 12, 2022).

a. *Stebbins v. Bobanks Holdings LLC*, Case No. 3:26-mc-00005 (W.D. Ark.).

b. *Stebbins v. Bobanks Holdings LLC*, Case No. 04CV-26-1122 (Benton Co. Circuit Court, Arkansas).

c. *Stebbins v. American Arbitration Association, Inc.*, Case No. 1:26-cv-00017 (S.D.N.Y.).

d. *In re: David Stebbins*, Case. No. 3:25-mc-80278 (N.D. Cal).

e. *In re: David Stebbins*, Case No. 25-1672 (3d Cir.).

f. *Stebbins v. Doe*, Case No. 4:25-cv-04499 (N.D. Cal.).

g. *Stebbins v. Rumble Inc.*, Case No. 25-2008 (3d Cir.).

h. *Stebbins v. Google LLC*, Case No. 25-2007 (3d. Cir.).

i. *Stebbins v. Jones*, Case No. 25-224 (9th Cir.).

j. *Stebbins v. Walmart, Inc.*, Case No. 04CV-26-489 (Benton Co. Circuit Court, Arkansas).

6. In the District Court Lolcow LLC and Joshua Moon also challenged the factual veracity of statements in Mr. Stebbins' application for in forma pauperis status. ECF No. 11. While the District Court did not rely upon such factual challenges – and indeed assumed even in the face of serious evidentiary challenges that Mr. Stebbins qualified in the financial sense for *in forma pauperis* status – there is a considerable body of evidence to call into question Mr. Stebbins' allegations of

poverty. ECF No. 24 at 21. Specifically, Mr. Stebbins claims that he can hire composers of international renown to compose works that he then registers with the U.S. Copyright Office, and that he is even wealthy enough to pay for international service of process. ECF No. 11. This is hard to square with Mr. Stebbins insistence that he is too poor to pay appellate filing fees.

7.  To the extent that Mr. Stebbins' factual allegations of poverty are revealed to be untrue, this Court must dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) (requiring dismissal if an "allegation of poverty is untrue"). But as the Magistrate noted in the District Court, even if an individual financially qualifies for *in forma pauperis* status, that does not end the inquiry. Instead, federal courts retain the power to use their discretion to deny *in forma pauperis* applications where the record indicates that *in forma pauperis status* has been repeatedly abused. ECF No. 24 at 19. This is exactly such a case, presenting exactly such a record.

WHEREFORE, Joshua Moon and Lolcow, LLC respectfully request that this Court reconsider whether *in forma pauperis* status should be granted on appeal, and deny such status. Alternatively, to the extent that Lolcow LLC and Joshua Moon have raised questions as to Mr. Stebbins' financial status which require an evidentiary hearing as requested below at ECF No. 11, this Court should permit the record to be supplemented with such evidence.

Respectfully submitted this the 7th day of May 2026,

JOSHUA MOON
LOLCOW LLC

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I will file a true and correct copy of the foregoing

document with the Court's CM/ECF system, which will electronically serve the

Petitioner. I have also sent an electronic courtesy copy to the petitioner via email

addressed to: acerthorn@yahoo.com.

Dated: May 7, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*

## **Certificate of Compliance**

I hereby certify, pursuant to Fed. R. App. P. 27(d)(2), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32(f), 1,083 words in length. I have relied upon Microsoft Word's word count tool to establish that count.

Dated: May 7, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*