UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DAVID STEBBINS,                                                    PLAINTIFF/APPELLANT

VS.                                              Case No. 26-1556

JOSHUA MOON AND LOLCOW, LLC                              DEFENDANTS/APPELLEES

## OPPOSITION TO [15] MOTION TO RECONSIDER [12] ORDER GRANTING [11] APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Opposition to Docket Entry #15, the Appellee's Motion to Reconsider my In Forma Pauperis Status in the above-styled action.

### Incorporation of Previous Filings

1. For the sake of keeping this Opposition brief, I hereby incorporate my previous Oppositions (Docket Entries #12 and #17) in Case No. 26-1398 in this Court. That case is related to this one, and my statements in those two filings are hereby incorporated by reference into this Opposition, so I don't have to repeat myself as much.

### It is not mandatory to file an IFP affidavit in the district court.

2. The first thing the Appellee brings up in his Motion to Reconsider is that I allegedly did not follow proper protocol by filing an In Forma Pauperis application in the District Court because I already knew the outcome.

3. First of all, this is entirely redundant of his Motion to Remind, the ruling of which has already deferred until the ruling on the informal briefs. Therefore, this portion of his motion should be stricken accordingly.

4. Barring that, the Appellee's claim that I absolutely must file an IFP Application in the District Court before I can seek said leave in the Appellate Court – futility be damned – is without merit. The Defendant cites to no case law where an Application for Leave to Proceed on Appeal In Forma Pauperis was ever denied solely on the applicant's alleged failure to follow this (entirely pro forma) requirement.

5. But even then, there is explicit language in FRAP 24 that explicitly permits me to do it this way. Specifically, FRAP 24(a)(5) says that "If no affidavit [for leave to proceed on appeal in forma pauperis] was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." In other words, the Federal Rules of Appellate Procedure expressly contemplate the possibility of an appellant in my position and, rather than requiring the matter be remanded back to the District Court in order to observe the formalities, it simply requires that I file the affidavit in the appellate court... which I have done.

6. Therefore, the Defendant's argument that I my IFP status is procedurally deficient is without merit.

**Whether I should be declared vexatious is the very point of this appeal.**

7.     Appellees have made these arguments in every case that's been involved in this controversy. But in this case in particular, the argument is particularly meritless.

8.     Lest we forget that whether the district court abused its discretion in denying my Application for Leave to Proceed In Forma Pauperis is ***the whole point of this appeal!*** More than any other case, if the Court were to revoke my IFP status here before it decides the merits, it would, in effect, be pre-judging the case.

9.     I'm reminded of the recent political uproar over ICE's sweeping round-ups of alleged illegal immigrants and deporting them without due process. They attempted to justify it legally (but not morally) on the grounds that the right to due process only applied to citizens. Of course, that is legally nonsense, as the Due Process clauses of the Fifth and Fourteenth Amendments clearly apply to all *persons*, not all *citizens*, but even barring that, it's completely unworkable as a concept. Many people immediately pointed out that all someone had to do was *say* you weren't a citizen, and then they could do whatever they wanted to you with no due process, because you would still need due process just to prove that you're a citizen! People retorted with such soundbites as "Without due process, you're whatever the nearest ICE agent says you are," and "If only citizens have the right to due process, no one has the right to due process."

10.     To deny me IFP status, in this case in particular, before the merits thereof have been decided, would present a similar Catch-22 to the constitutional crisis mentioned above. Therefore, the Court should abstain from doing it.

**My being declared vexatious in Boone County, AR was
entirely without any iota of due process.**

11.     In the related Case No. 26-1398, I already addressed many of arguments raised by the Appellees in this motion. My rebuttal to most of those arguments are found in ¶ 1 above and the incorporated materials. However, he previously raised for the first time in a reply (meaning I couldn't address it) the fact that I was previously declared vexatious in Boone County, AR. So I will address it here.

12.     That declaration occurred without any due process whatsoever. I don't simply mean that I didn't get the full ensemble of due process that a criminal defendant is entitled to, including appointment of counsel and trial by jury. No, I mean I got about as much due process as the Plaintiff in Lopez v. Vanderwater, 620 F. 2d 1229 (7th Cir. 1980) got when he was accused of key theft!

> "Vanderwater ... proceeded to the building armed with a handgun. Finding Lopez asleep in what had formerly been his apartment, Vanderwater awakened him and detained him with the aid of the gun
>
> …
>
> On a standard plea form, Vanderwater made entries indicating a guilty plea and a waiver of trial by jury. The form, thus modified, bears an illegible signature which

Lopez says is not his.

While Lopez, according to his testimony, remained in his jail cell, he was, in absentia, arraigned, convicted, and sentenced by Vanderwater in the booking area of the police station. Vanderwater wrote on the bottom of the guilty plea form that Lopez had pleaded guilty, had been found guilty, and had been sentenced to Vandalia for 240 days."

Id at 1231-33.

13.     That's about the amount of "due process" that I got when I was declared vexatious in Boone County. I showed up to a motion hearing, prepared to argue against a Motion to Dismiss for Failure to State a Claim, and absolutely nothing else. After that motion had been disposed of, I was then completely blindsighted with the entirely-out-of-nowhere finding that I was now being declared a vexatious litigant. I was never given even so much as five minutes of notice, let alone any opportunity to show cause why the sanction shouldn't be imposed on me. Instead, the judge simply announced the decision that he had already made about me in absentia. I had no more due process in that matter than the countless people who were executed under King Henry VIII via bills of attainder.

14.     At one point, the judge even turned to the Defense Counsel and asked if that's what they wanted! In other words, he had **_conferred with defense counsel_** previously, in my absence! A cardinal sin in litigation that should have gotten both the judge and the defense counsel disbarred on the spot!

15.     Don't take my word for it. Feel free to order for yourself an audio recording of that motion hearing. It happened exactly as I just described.

16.     What's even worse is that the restriction that I must have an attorney before the Clerk is allowed to file anything by me also applied to that very case. This meant that I couldn't even file a **_notice of appeal_** in that action unless I paid for an attorney to file it for me, which I couldn't afford!

17.     Therefore, because this instance of me being declared a vexatious litigant was so unconstitutional that it's insane, this Court should not hold it against me in the instant case.

### There is evidence that the district court is vindictive against me.

18.     I brought this up in the related Case No. 26-1398, but it's so important that it bears repeating here. There is reasonable grounds to believe that the District Court's order, as well as the 1-year delay in issuing it that prompted me to file the Petition for Writ of Mandamus in the related case, was caused by district court judges having a systemic bias against me. At a minimum, there is enough grounds for reasonable suspicion that it warrants investigation.

19.     On May 1, 2026, I attended via zoom a Case Management Conference in Case 4:23-cv-00321-MMC (Stebbins v. Redfield) in the US District Court for the Northern District of California, before Senior Judge Maxine Chesney. That conference was video recorded by the Court.

20.     I now have a copy of the recording, but I don't know if I'm allowed to disseminate it. If the Court orders me to produce the audio recording, I will. Alternatively, the Court can order its own copy for a fee of $34 by going to this URL: https://cand.uscourts.gov/forms/cand-audio-recording-request

21.     At the end of our conference, I asked Judge Chesney about the delays, since she was guilty of a few of them herself. She proceeded to admit, out loud, that this is what I get for filing so many pro se lawsuits that "aren't worth very much." She never said my lawsuits were frivolous, just that there was a large quantity of them, and the judges believed them to be "not worth very much." But if I am entitled to even $1 in damages, that still means that the lawsuit was technically meritful.

22.     Therefore, if these repeated, habitual delays are in fact the result of judicial vindictive-ness against me for the number of lawsuits I have filed, then that is a naked retaliation of my constitutional right to court access.

23.     I even explained as much in my "Supplement to Case Management Conference Minutes, which I filed in that case on May 4, 2026. See **Exhibit A**. Notice especially how I explain how it logically follows that this vindictiveness is also considered when they decide the merits and, ulti-mately, how this creates a self-fulfilling prophecy, and how that self-fulfilling prophecy results in me being declared a vexatious litigant when I don't deserve it.

24.     On May 5, 2026, Judge Chesney entered a vague order, stating only that my Supplement "does not accurately reflect the Court's comments," but never specifying exactly what the correct comments were. See **Exhibit B**. So I ordered my own copy of the audio recording at the above URL, and I then filed a Motion to Clarify pointing out that everything at the end of that confer-ence was exactly as I previously described it, and I even provided relevant timestamps to prove my claim. See **Exhibit C**. Like I said, I'm not sure if I'm allowed to disseminate the audio recor-ding, sot he Court can either (A) obtain a copy of the audio recording itself, or (B) order me to share my copy with the Court, at which point I would have to obey.

25.     So what does that have to do with the instant motion? Well, it means that, even though the district court has made the finding that this appeal is not being taken in good faith, it is still prudent for this Court to compel a response from the district court, in order to find out …

(a)     What was the reason for the 1-year delay complained about in the related case for a petition for writ of mandamus;

(b)     Will this pattern of delay continue;

(c)     If it was indeed, even partially, because of spite towards me for having exercised my First Amendment right to court access a bit more than they feel I should have, does that mean that they will also unfairly consider that vindictiveness when deciding the merits;

(d)     If so, does that mean it even partially, or even subconsciously, affected the District Court's judgment in denying the application for leave to proceed in forma pauperis, which is the subject of this appeal; and

(e)     Should that require the district judge's recusal on the grounds that he has "reveal[ed]

such a high degree of … antagonism as to make fair judgment impossible" as defined by Liteky v. United States, 510 US 540, 555 (1994)?

26.     After all, not only is this the second time I've had to petition for a writ of mandamus in this case alone (remember that writs of mandamus are supposed to be "extraordinary writs"), but even when the district judge did bring the matter current the second time, he made numerous comments that clearly showed his vindictiveness against me, including but not limited to...

(a)     Striking my Amended Complaint solely on the grounds that I did not seek leave of court to file it, even though Fed.R.Civ.P. 15(a)(1) clearly says I don't need leave of court when the Defendant hasn't filed either an Answer to a Motion to Dismiss.

(b)     Making the finding that my decision to record my call with Megan Davis was done in order to "intimidate" the Court, without even an iota of evidence that this was my motive.

27.     And if all the judges in the entire country are likely to have this degree of antagonism (as evidenced by the fact that this happens in almost every lawsuit I file, in almost every district), to the point where recusal becomes a waste of time, then that may mean that this Court may have to impose special, ongoing requirements on district court judges in this circuit, such as...

(a)     requiring all district judges in the 4th Circuit to rule on all matters in my cases within 35 days of them being filed, and

(b)     to protect me from wholly arbitrary judicial rulings, requiring the judges to address, in their written orders, every argument I raise in my briefs, oppositions, and replies, with each address containing...

i.     specific findings of fact,

ii.     with references to evidence on record or facts which are judicially noticeable to support said findings of fact,

iii.     specific conclusions of law, and

iv.     specific citations of law (e.g. case law, statute, executive regulation, etc.) to support said conclusions of law.

28.     If every judge in the country has this degree of antagonism towards me, such drastic protections may be necessary to protect me from unconstitutional judicial vindictiveness. By that point, recusal would be a waste of time, since it's a foregone conclusion that the judge to replace him would simply be a judge who is just as vindictive as the last one.

29.     At a minimum, the pattern of delay, across multiple districts, is pervasive enough that it alone warrants investiga-tion. This means that, at least at this stage, it would be premature to overturn Docket Entry #12 in this case with such a huge constitutional question still in place.

### Conclusion

30.     Wherefore, premises considered, I respectfully pray that the Motion to Reconsider be denied.

So requested on this, the 18th day of May, 2026.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com