# Exhibit C

David Stebbins                123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516               acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                          Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

**<u>MOTION TO CLARIFY</u>**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Clarify and to Receive a Copy of the Audio Recording in the above-styled action.

**Bsackground**

On May 1, 2026, the Court and the Parties in this case convened over Zoom for the Case Management Conference. It is tradition at the end of these types of meetings to invite the parties to make a comment of whatever they feel may be germane to the proceeding that wasn't already covered. At the end of the case management conference, this Court, pursuant to that tradition, invited the parties to air whatever grievances were not covered. I took the Court up on the offer to air my grievance about the repeated, habitual delay that I seemed to experience, and I received the Court's response to that grievance.

On May 4, 2026, the Court submitted its Minute Entry for that conference. It is also typically the tradition of the federal judiciary to also make a public note of any such comments in the minutes. See, for example, Case 3:24-cv-00398-LJC (Stebbins v. Baz) in this district, Dkt. 22 ("Plaintiff expressed, and the Court acknowledged, his strong desire to have his case handled promptly"). However, in this minute entry, my grievance at the end was not acknowledged.

So later that same day, I filed my own Supplement to the Minute Entry (see Dkt. 110) providing the notice of the discussion that the judge did not provide. I also requested a copy of the audio recording for my records. See Dkt. 116.

The day after I filed Dkt. 110, the District Judge issued a 1-page order (see Dkt. 111), erroneously referring to Dkt. 103 when it should have said Dkt. 111, but more importantly, stating that my supplement "does not accurately reflect the Court's comments." However, she

Case 4:23-cv-00321-MMC                    -1-                    Motion to Clarify

Case 3:23-cv-00321-MMC      Document 116      Filed 05/08/26      Page 2 of 5

never explained exactly how my Supplement is inaccurate, a classic case of "we investigated ourselves and found we did nothing wrong."

After having received said audio record, I can confirm that everything that was said between me and the judge as described above did indeed happen, and that the Court lied when it said that my description was not an accurate account of the end of the hearing. The recording was over 3 hours long and included all of the hearings that happened that day. The relevant timestamps for the audio recording are as follows:

1. Timestamp 2:16:03 – When this case was first called.
2. Timestamp 3:02:43 – When I begin airing my grievances about the delays.
3. Timestamp 3:04:43 – When I explain that the problem is widespread.
4. Timestamp 3:05:39 – Where the judge admits that the delays are caused by my _number_ of lawsuits, regardless of their individual merit.
5. Timestamp 3:07:09 – Where I tried to air further grievances but the judge cut me off and called an immediate end to the conference.

I now file this Motion to Clarify to request that the Court supplement its order in two ways:

**Clarification #1: What exactly was inaccurate about my Supplement?**

I respectfully ask the Court to state, with specificity, what exactly I got wrong about the Court's comments. Remember that Dkt. 110, p. 1, Lines 14-18 were simply a recital of what the Court physically said.

Meanwhile, Page 1, Lines 22-23 – where I said "the judge cut me off and ended the conference right then before I had the chance to" – is also merely an emotionally neutral, just-the-facts description of what the Court did, even if the section in parentheses immediately after the quoted section is not.

Everything else in the Supplement is simply my conclusions that I reasonably drew from those cast-iron objective facts.

So what, exactly, was incorrect about those two things? Upon re-listening to the audio recording, the closest I can possibly find to something that would actually change the context of

the Court's comments is that, when she said that my lawsuits are "not worth very much," that was merely an explanation as to why I had difficulty finding an attorney on contingency. However, that still raises the question: Why are so many judges engaging in repeated, habitual, and systemic delay of ruling on the simplest of matters?

Is it simply because I'm pro se? If so, does that mean that ALL pro se plaintiff cases have this sort of habitual, systemic, and repeated pattern where it takes months and months and months just to rule on the simplest of issues? Because if not, and there are plenty of other pro se plaintiffs whose cases are handled in a time-efficient manner, then all that means is that the justification the Court offered at the May 1st Conference is "pretextual," since it is well-established that showing other, similarly situated people who were guilty of the same thing (in this case, being pro se) but weren't subject to the same adverse treatment (in this case, repeated, habitual, systemic delay on the simplest of issues) is smoking gun evidence of pretext.

Therefore, I ask that the Court clarify its position on the matter.

**Clarification #2: Will there be any ill will form the Court towards me because of this?**

In making that Supplement, and especially after doubling down with this Motion to Clarify, I have, undoubtedly, poked the bear of the federal judiciary (assuming I haven't already been doing that). I haven't even directly accused *this* judge of being corrupt. All I did was merely suggest that she might know of other acts of judicial bias or vindictiveness. But alas, that may not save me.

It is one of the government's worst kept secrets that government officials can and will retaliate against citizens who criticize them; it's the whole reason the First Amendment exists in the first place. Judges are certainly no exception to this propensity for vindictiveness. In fact, they are probably the most susceptible to it.

To put this in perspective, notice this video from this self-proclaimed lawyer: https://www.tiktok.com/@thebrutallawyer/video/7629362026174844173. If the Court cannot view that video because of the No TikTok on Government Devices Act, here is an archive of it: drive.google.com/file/d/1-oGhkMGw5A0P8c48IyagBAYjtj6DaM3h. Notice how, beginning at timestamp 0:54, this self-proclaimed lawyer both (A) directly equates judges with kings, and (B)

directly equates accusations of bias or conflict of interest with attempted murder in terms of how spiteful and vindictive these "kings" will be towards their "assailants." Those two metaphors speak far more about how widespread the vindictiveness is than a thousand documented examples of proven vindictiveness ever could.

But of course, if you want documented examples, I have them in spades as well. Here are just a few:

1. Spiteful judge initiates felony charges against a journalist, not for outright accusing her of corruption, but simply for making an open records request, stating "I don't react well when my honesty is questioned. It's clear this is a personal vendetta against me. I don't know how else to explain that." – https://thefreethoughtproject.com/cop-watch/judicial-retaliation-news-publisher

2. Judge issues standing order to have anyone held in contempt of court (which means no due process) if they publicly accuse the judiciary of being corrupt – https://www.wnd.com/2015/07/protest-judicial-corruption-go-to-jail/

3. Ex-lawyer jailed 14 months, but not charged with a crime. State's lawyer defended the state's actions by claiming that he deserved it for "level[ing] ... accusations against judges." – https://www.cnn.com/2010/CRIME/05/24/jailed.lawyer.richard.fine/

And there's plenty more where that came from.

So I ask the Court to clarify: Will it succumb to that same judicial vindictiveness that so many others have succumbed to? Or will it recognize the pattern of hate that I just explained and continue to be fair, impartial, and objective for the rest of this case, not siding with the defense on discretionary matters simply because it's predisposed to rule against me, and avoiding double standards in its rulings, such as the type which I complained of over in the Southern District of California, Case 8:24-cv-01486-JVS-KES (Stebbins v. Jones), Dkt. 141, ¶¶ 17-26, where I summarized that court's double standard logic succinctly with the phrase "David Stebbins loses because he's David Stebbins."

It is possible that the Court may have been subconsciously gravitating towards holding such a grudge against me. But I hope that, now that I've brought this pattern of conduct to this

Court's attention, she might be self-aware enough of her own human fallibility that she might make note of it in all future interactions in this case and think before she acts accordingly.

Of course, the Court *can* do that, but *will* she? I respectfully ask that the Court clarify if I will be the subject of its wrath because of my First Amendment-protected conduct, whether it be in Dkt. 110, this filing from Page 1 Line 10 through Page 2 Line 16, or any other filing I have made in any other action in this or any court.

**Conclusion**

Wherefore, premises considered, I respectfully pray that this Motion to Clarify be granted regarding both questions, and for any other relief to which I may be entitled.

So requested on this, the 8th day of May, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)