**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| DAVID STEBBINS, | | |
| | Appellant, | |
| | | 4th Cir. Case No. 26-1556 |
| v. | | |
| | | |
| JOSHUA MOON, *et al*., | | S.D. W.Va. Case No. 2:24-cv-140 |
| | Appellees. | |

**JOSHUA MOON AND LOLCOW LLC'S
REPLY IN FURTHER SUPPORT OF
MOTION TO RECONSIDER
ORDER GRANTING *IN FORMA PAUPERIS* STATUS**

NOW COME Joshua Moon and Lolcow, LLC, appellees, by counsel, and submit this Reply in Further Support of their Motion to Reconsider the Clerk's Order Granting *In Forma Pauperis* Status. Dkt. 12. On Reply, Mr. Moon and Lolcow, LLC state as follows:

1. Mr. Stebbins confesses the relevant facts: he admits he has had his filing privileges restricted by multiple courts, and is a declared vexatious litigant in both the state courts of Arkansas and the U.S. District Court in California. Dkt. No. 17 at 2 (attempting to collaterally attack the Arkansas state court order over a decade after it became final), *cf. In re David Stebbins*, Case No. 26-1398 at Dkt. No. 12 (admitting to two federal court orders, but arguing one is still on appeal and non-final). And Mr. Stebbins does not challenge the District Court's detailed catalog of the dozens

of cases Mr. Stebbins has filed in recent years. Dkt. No. 15 at 3 (unchallenged by Mr. Stebbins in his response).

2. Nor does Mr. Stebbins dispute that he uses procedural gamesmanship to manipulate the litigation process. *Id*. at n. 1. Mr. Stebbins even admits that if he had properly filed a motion with the District Court to proceed *in forma pauperis* on appeal, the District Court below would have declared that the appeal was filed in bad faith. Dkt. No. 17 at 1 ("I already knew the outcome" and "futility be damned"), *cf*. Notice of Appeal ("there is a 100% chance that the District Judge will simply declare that the appeal is not taken in good faith…").

3. All Mr. Stebbins says in support of his request to proceed *in forma pauperis* in this case is that his procedural gimmick of skipping over the trial court and prohibiting that judge from making a determination that the appeal is taken in bad faith is permissible. Dkt. No. 17 at 1. And besides, Mr. Stebbins adds: there's evidence of a vast judicial conspiracy stretching from coast to coast, in which district judges are vindictive against him. *Id*. at 3-4 (mentioning judges in West Virginia and California, but curiously omitting the judges in his home state of Arkansas).

4. Mr. Stebbins is incorrect that Fed. R. App. P. 24(a)(5) permits a litigant to evade the District Court's screening and seek leave to proceed *in forma pauperis* in this Court in the first instance. But even if Mr. Stebbins were correct, *arguendo*, there's still a problem: *in forma pauperis* status is discretionary.

5.   Mr. Stebbins is well-aware that *in forma pauperis* status is not a matter of right and does not necessarily come automatically when a showing of financial need is made, because the District Court helpfully collected cases supporting that proposition:

> Federal district courts have discretion to deny IFP requests when a litigant has repeatedly abused the IFP privilege on prior occasions. *See, e.g., Aruanno v. Davis*, 168 F. Supp. 3d 711, 721 (D.N.J. 2016) ("This Court has the discretionary authority to deny in forma pauperis status to persons who have abused the privilege."), *aff'd*, 679 Fed. App'x 213 (3d Cir. 2017). *See also Cabrera v. Horgas*, 98-cv-4231, 1999 U.S. App. LEXIS 7890, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) ("The decision to grant or deny in forma pauperis status lies within the sound discretion of the court."); *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963) (explaining that the federal courts have "broad discretion" in denying an application to proceed in forma pauperis)...

*Stebbins v. Moon*, No. 2:24-cv-140, 2025 U.S. Dist. LEXIS 278760, at *27-28 (S.D. W. Va. Jan. 27, 2025).

6.   The Supreme Court itself has held that denying *in forma pauperis* status to abusive litigants is proper. What's more, the Supreme Court itself has done exactly that. *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests… does not promote that end."). This Court will not tread any new ground if it denies Mr. Stebbins *in forma pauperis* status on the basis of his voluminous litigation history.

7. Appellees respectfully submit that Mr. Stebbins has abused courts across the nation so extensively and over so many years that the first appellate court decision upholding the imposition of filing restrictions against him is over a decade old. *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014)[1] ("We also conclude that the court did not abuse its discretion in imposing the filing restrictions, because it is undisputed that Stebbins has proceeded in forma pauperis on at least sixteen complaints that proved meritless, and has filed numerous frivolous motions, since May 2010."). Under these circumstances, and especially against the backdrop of Mr. Stebbins circumventing the District Court's ordinary screening role and Mr. Stebbins' decision to allege a vast judicial conspiracy stretching all the way from West Virginia to California, this Court is well within the sound exercise of its discretion if it denies Mr. Stebbins the right to proceed *in forma pauperis*.

WHEREFORE, Joshua Moon and Lolcow, LLC respectfully request that this Court deny Mr. Stebbins *in forma pauperis* status. If Mr. Stebbins wishes to inflict upon others the continued costs of frivolous litigation, the least he can do is pay the ordinary filing fee.

Respectfully submitted this the 17th day of May 2026,

JOSHUA MOON
LOLCOW LLC

---

[1] As will be apparent from the title of *Stebbins v. Stebbins*, even the Appellant's own family is not safe from his vexatious litigation.

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I will file a true and correct copy of the foregoing

document with the Court's CM/ECF system, which will electronically serve the

Appellant. I have also sent an electronic courtesy copy to the Appellant via email

addressed to: acerthorn@yahoo.com.

Dated: May 17, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*

## **Certificate of Compliance**

I hereby certify, pursuant to Fed. R. App. P. 27(d)(2), that this Reply complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32(f), 925 words in length. I have relied upon Microsoft Word's word count tool to establish that count.

Dated: May 17, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*