# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID STEBBINS,

Appellant,

v.

JOSHUA MOON, *et al.*,

Appellees.

4th Cir. Case No. 26-1556

S.D. W.Va. Case No. 2:24-cv-140

## APPELLEES' INFORMAL RESPONSE BRIEF

Appellees Joshua Moon and Lolcow LLC respectfully submit this Informal Response Brief.

## INTRODUCTION

Mr. Stebbins's Informal Opening Brief mischaracterizes the record to an extreme degree. The District Court did not declare Mr. Stebbins a vexatious litigant, did not sanction him, and did not act out of bias. It simply denied *in forma pauperis* status to a twice-declared (or possibly thrice-declared)[1] vexatious litigant who has filed at least fifty lawsuits across numerous federal district courts. The order should be summarily affirmed, and the Court should issue an order to show cause why this

---

[1] *See Stebbins v. Thompson*, No. CV2015-38-4, slip op. at 5–6 (Cir. Ct. Boone Cnty., Ark. 2015) (sanctioning Mr. Stebbins and prohibiting him from filing any cause of action in Boone County Circuit Court as a *pro se* plaintiff), filed at Doc. 15-2 in this appeal.

Court should not deem the appeal frivolous. *See* Fed. R. App. P. 38; 28 U.S.C. § 1915(a)(3).

## ARGUMENT

## I. The District Court Did Not "Declare" Mr. Stebbins a Vexatious Litigant; It Simply Denied *In Forma Pauperis* Status.

Mr. Stebbins claims the court "abused its discretion by declaring me a vexatious litigant." Informal Opening Br. at 1. But the District Court did no such thing, and Mr. Stebbins' appeal is thus based on a false premise. The District Court imposed no prefiling restrictions and required no leave of court for future lawsuits. It simply denied the privilege of proceeding *in forma pauperis*. Proceeding *in forma pauperis* "is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The Supreme Court has confirmed that courts have a duty to deny that privilege to individuals who have abused the judicial system. *In re Sindram*, 498 U.S. 177, 180 (1991). Mr. Stebbins is a prolific *pro se* filer with approximately fifty prior cases across twelve federal districts, who has had pre-filing restrictions imposed against him in at least three jurisdictions. *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (affirming pre-filing restrictions); *Stebbins v. Google LLC*, No. 3:23-cv-322 (N.D. Cal. Aug. 31, 2023), ECF No. 51 (imposing $1,000 filing bond); *Stebbins Thompson*, No. CV2015-38-4, slip op. at 5–6 (Cir. Ct. Boone Cnty., Ark. 2015) (sanctioning Stebbins and prohibiting him from filing any cause of action in Boone

County as a *pro se* plaintiff). The denial of *in forma pauperis* status was squarely within the District Court's discretion. ECF No. 41 at 3–5. Indeed, the District Court below didn't go as far as other courts have in a decade-long attempt to rein in Mr. Stebbins' frivolous and vexatious litigation.

## II. The District Court Did Not Impose Sanctions.

Mr. Stebbins contends the District Court should have considered "more lenient sanctions, such as requiring a $100 refundable bond." Informal Opening Br. at 2. This argument fails because the District Court did not sanction Mr. Stebbins at all. It did not impose a filing injunction, restrict his access to the courts, or bar future lawsuits. It simply denied *in forma pauperis* status, which is a privilege, not a right. *In re McDonald*, 489 U.S. 180, 184 (1989) (holding that proceeding *in forma pauperis* is a "privilege" that federal courts may deny to curb "serious abuses" of the judicial process). Because no sanction was imposed, no "lesser sanctions" analysis was required. The "least restrictive means" test applies to prefiling injunctions, not to discretionary denials of *in forma pauperis* status. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818–19 (4th Cir. 2004). Mr. Stebbins can still pursue his claims by paying the $405.00 filing fee. ECF No. 41 at 10. The courthouse doors remain open to him despite that he is a twice- or thrice-declared vexatious litigant. Given his history, Appellees have little doubt that Mr. Stebbins will continue to march through those doors on a regular basis.

**III. The Amended Complaint Was Properly Stricken, and the Issue Is Premature or Moot.**

Mr. Stebbins claims Fed. R. Civ. P. 15(a)(1) gave him a right to amend. Informal Opening Br. at 2. He is wrong because the District Judge imposed a stay and required good cause for any new filings during that stay. ECF No. 12. Rather than even attempt to show good cause during the pendency of the stay, Mr. Stebbins ignored the Court's efforts to manage its own docket. His noncompliant filing was properly stricken.

Regardless, this issue is either premature or moot. The District Court said that it would dismiss Mr. Stebbins' case without prejudice if the filing fee was not paid (as of this writing, even that has not yet occurred). Mr. Stebbins was not barred from refiling, or even filing a motion for leave to amend establishing good cause within the framework of the stay that the District Court had imposed. He only needed to pay the standard filing fee. If he does so, the striking of his amended complaint causes no lasting injury. If he does not, the dismissal without prejudice leaves him free to file a brand-new complaint at any time. This twice- or thrice-declared vexatious litigant has suffered no cognizable harm and any remedy from this Court would be meaningless.

**IV. The District Court Did Not Exhibit Bias or Antagonism.**

Mr. Stebbins contends the District Court exhibited "antagonism" and asks this Court to "investigate whether there is systemic, habitual judicial antagonism towards me." Informal Opening Br. at 3. Apparently, the adversarial system of justice should be abolished, and the Fourth Circuit should sit as an inquisitorial tribunal. Regardless of that bold claim, Mr. Stebbins has failed to show even the lesser burden that would be required for recusal on bias grounds.

Under *Liteky v. United States*, 510 U.S. 540, 555 (1994), recusal requires "a deep-seated favoritism or antagonism that would make fair judgment impossible." Opinions "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings" do not qualify. *Id.* at 551. That is all the District Court did: it observed Mr. Stebbins's conduct, including surreptitiously recording telephone calls with judicial staff, uploading those recordings to YouTube, and emailing the presiding judge's chambers *ex parte* to demand that a law clerk be fired. ECF No. 24 at 17–18. A judge who takes note of such conduct is not exhibiting bias. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts are "vested… with power to impose silence, respect, and decorum"). Mr. Stebbins's claim that the court acted out of "pure anger" is pure speculation.

This is not the first time Mr. Stebbins has accused a judge of bias. He "has sought recusal or complained of unfair bias against a long line of federal and state judicial

officers." ECF No. 24 at 26. *See also, e.g., Stebbins v. Rebolo*, No. 22-cv-546, 2023 WL 2699982, at *1 (N.D. Cal. Mar. 29, 2023). This twice- or thrice-declared vexatious litigant's displeasure with an adverse ruling is not evidence of judicial bias.

## CONCLUSION

The District Court's order was thorough, well-reasoned, and supported by binding authority. The standard of review is at best abuse of discretion, even where a District Court dismisses a claim entirely rather than simply denying *in forma pauperis* status. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc). Mr. Stebbins has identified no error. For the foregoing reasons, Appellees respectfully request that this Court affirm.

Respectfully submitted this the 29th day of May 2026,

JOSHUA MOON
LOLCOW LLC

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve the Appellant. I have also sent an electronic courtesy copy to the Appellant via email addressed to: acerthorn@yahoo.com

Dated: May 29, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*


**Certificate of Compliance**

I hereby certify that this Informal Response Brief is, exclusive of the items listed in Fed. R. App. P. 32(f), approximately 1239 words in length. I have relied upon Microsoft Word's word count tool to establish that count.

Dated: May 29, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*