UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DAVID STEBBINS,                                          PLAINTIFF/APPELLANT

VS.                                          Case No. 26-1556

JOSHUA MOON AND LOLCOW, LLC                  DEFENDANTS/APPELLEES

### INFORMA REPLY BRIEF

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Informal Reply Brief in the above-styled action.

**Denying the IFP Application is tantamount to declaring me a vexatious litigant in practice. Also, denial of IFP Application for any reason not specified in 28 USC § 1915(e)(2) is a sanction.**

First, the Defendants insist that the district court did not declare me a vexatious litigant. He also states that the Court did not actually "sanction" me by denying the IFP Application.

The Defendants are completely missing the point. This is nothing more than an argument for semantics. The important thing is (A) I was deprived of a valuable benefit (leave to proceed in forma pauperis) (B) that I would otherwise have qualified for, (C) in retaliation for me exercising my First Amendment rights. Not only that, but Doc 12 in the District Court proves that they wouldn't have denied me that benefit were it not for me having exercised my First Amendment Rights. The Defendants make no effort to argue against these points.

This means that the District Judge's order was an unconstitutional retaliation of my First Amendment rights. Period. You can call it "declaring me a vexatious litigant." You can call it "denying the IFP Applciation." You can call it "double quarter pound hamburgers falling from the sky" for all I care. Under Haines v. Kerner, 404 US 519, 520 (1972), pro se filings are held to a less stringent standard than those drafted by lawyers, so a mere semantics dispute shouldn't preclude me from obtaining relief I am otherwise entitled to, especially when all parties involved know full well what I meant.

Therefore, since the Defendants have made no effort whatsoever to argue against what they knew I meant in the opening brief, that portion of the brief should be deemed unopposed.

**The stay was reasonably deemed lifted, did not clearly apply to amended complaints, and barring that, I had good cause to file the Amended Complaint.**

The Defendants argue, for the first time on appeal, that the striking of the Amended Complaint was justified because it was filed in violation of the stay.

First of all, this is being raised for the first time on appeal. This Court lacks jurisdiciton to hear issues raised for the first time on appeal. "Issues raised for the first time on appeal are generally not considered absent exceptional circumstances." See Milla v. Brown, 109 F.4th 222, 234 (4th Cir. 2024).

Nothing in the district court proceedings suggests that this was the District Judge's reasoning. Instead, the District Judge seemed to take the position that all amended complaints, regardless of timing or context, authorization from the Court. But that is in clear error.

Second, the stay was presumed lifted as soon as the Magistrate Judge issued his Report & Recommendation. In Doc. 12, Magistrate Judge Tinsley ordered that the stay was to last "pending the undersigned's determination of Plaintiff's Application to Proceed without Prepayment of Fees or Costs." The "undersigned" was Judge Tinsley, not the district judge, so when he issued his Report & Recommendation, that satisfied the aforementioned criteria for the stay to be ended.

It doesn't matter that the case is still _marked_ as stayed. Over in the US District Court for the District of Delaware, in Case 1:24-mc-00478-MN, that case is still technically _marked_ as closed even though it's clearly been re-opened for months now. Clearly, the markings are not dispositive.

Barring all of this, there was a good reason why I needed to be allowed to file the Amended Complaint: Because the statute of limitations for libel was rapidly approaching, and if I didn't file the amended complaint then, I wouldn't be able to file the claim for the libel at all. That should be taken into consideration when deciding whether the District Court – assuming it had discretion to strike the amended complaint at all – abused said discretion.

### The District Court did indeed exhibit bias and antagonism.

Lastly, the Defendants insist that I have not shown that the district court has shown any bias or antagonism towards me. To support this, they rely on their belief that Liteky v. United States forbids any/all references to on-record conduct in considering whether the judge biased or antagonistic. Their statement that "Opinions 'formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings' do not qualify" appears to be an absolute statement. It gives off the feeling that it was meant to be followed by the one-word sentence "period" just to emphasize how sweeping this restriction is. But that is not true. Liteky does indeed state that on-record statements can, "in the rarest circumstances" be grounds for recusal even "when no extrajudicial source is involved." See id at 555.

Here, the Defendants do not dispute that the District Judge's on-record statements would indeed rise the level of antagonism that would make fair judgment impossible if they were legally allowed to be considered as such. They simply insist that they can't be considered as such because they're based on "facts or events occurring in the course of the current proceedings." But since that alone is not an absolute bar to their consideration, his lack of argument beyond that means that he implicity concedes that the statements do show bias and antagonism.

Barring that, lest we forget that the basis for denying the Application for Leave to Proceed In Forma Pauperis – my recording of my call with Megan Davis and my filing of a complaint against her – were indeed not part of the record in the current proceedings, until Magistrate Judge Tinsley introduced them himself. Lest we also not forget that the District Judge still saw fit to remove Magistrate Judge Tinsley due to him having a conflict of interests against me for this very reason... yet he still inexplicably allowed the (now indisputably) biased Report & Recommendation to remain on the record and then proceeded adopt it in its entirety. Shouldn't the remo-

val of the magistrate judge have also triggered the striking of his Report & Recommendation, since it was obviously authored with the same presumption of partiality that lead to him being removed? Kind of like how, if a cop is found to be corrupt, all of the evidence he collected will likewise be discarded by the prosecution?

This has become an extraordinarily complicated and muddy issue, one that should require full briefing (not just informal briefing) and appointment of counsel for me, like I asked for in Doc 8 in this case, and like this Court alluded to on Page 2 of its Briefing Schedule (Doc 3), where it said "The court will... appoint counsel … [if] it concludes, after having reviewed the informal opening brief, that the case cannot be decided on the basis of the informal briefs and the record."

### Conclusion

Wherefore, premises considered, I respectfully pray that the Judgment of the District Court be reversed.

So requested on this, the 5th day of June, 2026.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com