# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| DAVID STEBBINS,<br>Appellant,<br><br>v.<br><br>JOSHUA MOON, *et al.*,<br>Appellees. | 4th Cir. Case No. 26-1556<br><br>S.D. W.Va. Case No. 2:24-cv-140 |

## APPELLEES' MOTION FOR APPELLATE ATTORNEY'S FEES UNDER 17 U.S.C. § 505

David Stebbins brought this copyright suit to silence his critics. That was the district court's express finding: "Plaintiff's suit, therefore, expressly aims to chill his critics' voices." Proposed Findings and Recommendation ("PF&R") 24, Dist. Ct. ECF No. 24, adopted, Order 1, 5, Dist. Ct. ECF No. 41.

Three courts had already imposed pre-filing restrictions upon Mr. Stebbins for abusive litigation. One imposed restrictions specifically covering copyright claims against any defendant. *Stebbins v. Stebbins*, No. 3:12-cv-03130, 2013 U.S. Dist. LEXIS 93528, at *3–4, *8–10 (W.D. Ark. July 3, 2013), *as amended* (Nov. 26, 2013); *Stebbins v. Thompson*, No. CV2015-38-4, ¶¶ 18–19 (Ark. Cir. Ct., Boone Cnty. Aug. 20, 2015) (Doc. No. 15-2); *Stebbins v. Google LLC*, No. 3:23-cv-00322, 2023 U.S. Dist. LEXIS 169937, at *27–30 (N.D. Cal. Aug. 30, 2023).

Those restrictions did not stop Mr. Stebbins. He brought this case, repeated the conduct the district court found abusive, and appealed when the court denied him

leave to proceed without paying the filing fee. Order 4–8; Appellant's Informal Br. 1–3, Doc. No. 19. This Court affirmed. Op. 2, Doc. No. 25. Appellees now seek the reasonable cost of defending that appeal.

The Copyright Act authorizes a reasonable attorney's fee for the prevailing party. 17 U.S.C. § 505. The Supreme Court has expressly endorsed fees to deter repeated, overaggressive copyright claims, even when a particular claim was reasonable. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016). That rule fits this case. Under § 505 and Local Rule 46(e), Joshua Moon and Lolcow LLC request $960 in appellate attorney's fees for 3.2 hours at $300 per hour. Declaration of Matthew D. Hardin ("Hardin Decl.") ¶¶ 1, 12.

**I. The district court found that this suit continued an established pattern of abuse.**

The district court counted approximately fifty prior cases across twelve federal districts. It found that Stebbins's filing practices and treatment of court staff had produced sanctions in multiple jurisdictions. Order 4. The history matters because courts repeatedly identified the same misconduct and imposed measures that failed to prevent its recurrence.

In the Western District of Arkansas, Stebbins filed more than one hundred meritless motions. The court found that he had abused the system through unmeritorious claims and motions. It limited him to one new action every three

calendar months and imposed a refundable filing bond. *Stebbins*, 2013 U.S. Dist. LEXIS 93528, at *3–4, *8–10 (W.D. Ark. July 3, 2013), *as amended* (Nov. 26, 2013). The Eighth Circuit affirmed, noting at least sixteen meritless complaints and numerous frivolous motions. *Stebbins v. Stebbins*, 575 F. App'x 705, 705 (8th Cir. 2014).

The Boone County Circuit Court next found that Stebbins had filed suit in bad faith to harass the defendants and needlessly increase their litigation costs. It awarded attorney's fees and prohibited him from filing further actions there as a *pro se* plaintiff. *Thompson*, ¶¶ 18–19, at 4–5. That order is already in this Court's record. Doc. No. 15-2.

The Northern District of California then confronted the copyright version of the same malicious pattern of conduct. It found that Stebbins had brought copyright claims of little merit against online critics. It declared him a vexatious litigant and required advance review of any future copyright or copyright-related claim against any defendant in that district. *Google*, 2023 U.S. Dist. LEXIS 169937, at *29–30. On June 4, 2026, the Ninth Circuit affirmed both the fair-use dismissal and the vexatious-litigant order. *Stebbins v. Google LLC*, No. 24-1936, slip op. 2–4 (9th Cir. June 4, 2026) (Doc. No. 24-2).

Mr. Stebbins' copyright abuse is pervasive. In *Google*, Stebbins sued over a critic's use of a single frame from his nearly four-hour video as an icon. The court

held that use protected by fair use. *Google*, 2023 U.S. Dist. LEXIS 169937, at *19–23. In *Stebbins v. Polano*, he dismissed corporate defendants to prevent them from contesting his copyright, pursued default judgments against individuals, and planned to relitigate the copyright's validity elsewhere. No. 4:21-cv-04184, 2022 U.S. Dist. LEXIS 121919, at *6 (N.D. Cal. July 11, 2022). The court permitted intervention, rejected the copyright claim, and dismissed with prejudice. *Id.* at *6, *8–13. The Ninth Circuit affirmed. *Polano*, No. 23-15531, 2024 U.S. App. LEXIS 21813, at *2–4 (9th Cir. Aug. 28, 2024).

This case was filed even after all of those previous warnings and restrictions. Stebbins demanded nearly $1 million and an injunction permanently removing a critic from the Kiwi Farms website and preventing his return. PF&R 23–24. The district court adopted the finding that this suit sought to chill criticism. It also found that the action appeared to have an improper purpose and substantially resembled Stebbins's prior suits dismissed as frivolous. Order 1, 5; PF&R 22–24 (finding, *inter alia*, that "Plaintiff continues to engage in bad-faith conduct and blatant gamesmanship").

The abuse of process here went beyond antagonism towards his legal opponents and reached the court itself. Stebbins recorded calls with chambers, posted them on YouTube, and demanded that a law clerk be terminated. The district court found a repeated pattern of using these recordings to pressure courts to follow his commands.

Order 6–8. It denied leave to proceed *in forma pauperis* and held that Mr. Stebbins' suit should be dismissed. *Id.* at 10. This Court affirmed. Op. 2.

**II. Appellees are prevailing parties.**

Appellees prevailed by defending the judicial rejection of Stebbins's attempt to prosecute this abusive action at public expense. A defense victory can rest on a procedural ground: "The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016). The Supreme Court expressly preserved that rule in *Lackey v. Stinnie*, 604 U.S. 192, 204 n.* (2025) (reaffirming that "a defendant need not obtain a favorable judgment on the merits to prevail").

An involuntary dismissal without prejudice supports prevailing-party status and a fee award. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1293, 1300–01 (11th Cir. 2021) (holding defendants prevailed after a Rule 12(b)(6) dismissal without further leave to amend, despite the without-prejudice label, and sustaining fees for frivolous due-process claims). The court relied on the judicial rejection of the action and entry of judgment for the defendants. *Id.* at 1300–01.

Courts have applied the same principle to procedural defeats in copyright cases. *Megna v. Biocomp Laboratories Inc.* awarded fees under § 505 after dismissal for lack of personal jurisdiction. 225 F. Supp. 3d 222, 224–25 (S.D.N.Y. 2016). This Court identified *Megna* as authority for prevailing-party status even when claims

can be refiled elsewhere. *Citi Trends, Inc. v. Coach, Inc.*, 780 F. App'x 74, 79–80 (4th Cir. 2019). This Court should follow that approach, and recognize the defense victory here.

Here, the district court rejected Stebbins's request because of his pattern of abuse, directed dismissal on nonpayment, and this Court upheld that decision. Order 4–10; Op. 2. Appellees successfully defended an enforceable judicial restriction on his prosecution of this case. Mr. Stebbins' adjudicated defeat should entitle Appellees to recover the reasonable fees incurred in defending it.

**III. Stebbins's repeated copyright abuse warrants compensation and deterrence.**

Stebbins made his critics pay to defend a suit brought to silence them. Section 505 allows the Court to place that expense where it belongs. *Fogerty v. Fantasy, Inc.* directs courts to consider improper motivation, frivolousness, objective unreasonableness, compensation, and deterrence. 510 U.S. 517, 534 & n.19 (1994). Objective reasonableness receives substantial weight, alongside the other relevant circumstances. *Kirtsaeng*, 579 U.S. at 208–09. Here, the findings of improper purpose and repeated abuse make compensation and deterrence compelling. PF&R 22–25; Order 4–8.

Even a reasonable copyright argument would leave Stebbins answerable for his misconduct. *Kirtsaeng* expressly authorizes fees for litigation misconduct "whatever

the reasonableness of his claims or defenses." 579 U.S. at 209. It separately endorses fees to deter repeated, overaggressive copyright claims, "again even if the losing position was reasonable in a particular case." *Id.* The Supreme Court identified precisely the problem presented here: a copyright litigant whose repeated abuse warrants a financial consequence. Mr. Stebbins had already incurred copyright-specific filing restrictions for bringing "copyright claims of little merit against his critics," as the court expressly found. *Google*, 2023 U.S. Dist. LEXIS 169937, at *29. He then brought this suit for the same improper purpose. PF&R 22–24; Order 5. A debatable infringement theory (which Mr. Stebbins does not have) would not serve to excuse that conduct.

Courts have applied *Kirtsaeng* to this very misuse of copyright. In *Mizioznikov v. Forte*, the court awarded fees after finding that a copyright action sought to intimidate opponents into dismissing their state-court suit. No. 16-61616-Civ-Scola, 2017 U.S. Dist. LEXIS 45587, at *19–20 (S.D. Fla. Mar. 27, 2017). Stebbins likewise used copyright to attempt to suppress material he wanted others kept from seeing. PF&R 24. Making his targets finance the appeal would preserve the practical benefit of that abuse. They would win the ruling and retain the bill.

The appeal prolonged the expense. Stebbins challenged the court's reliance on his nationwide misconduct and accused it of anger and bias. Appellant's Informal Br. 1–3. Appellees had to defend the district court's authority to consider the very

abuse its order documented. Appellees' Informal Br. 2–6, Doc. No. 22; Order 4–8. They succeeded. Op. 2. Those defense costs belong in the award.

None of this is to say that Stebbins had a cognizable claim on the merits. If appellees had not won on the procedure, they would have won on merits as well. Stebbins's contributory-liability theory rests on Moon's response to a user's upload. Compl. ¶¶ 57–60, Dist. Ct. ECF No. 2. Yet Stebbins admits that the original upload was removed and that Moon instructed the user to add criticism and commentary to justify the use. *Id.* ¶¶ 40, 42, 46. The replacement contained commentary, as Stebbins also admits. *Id.* ¶¶ 45–48. Criticism and comment are express fair-use purposes. 17 U.S.C. § 107. Encouraging lawful criticism does not establish an intent to infringe. That distinction is decisive under *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583, 592–94 (2026), which requires intent and permits contributory liability only for inducement or a service tailored to infringement. Stebbins's own allegations undermine the unlawful purpose he attributes to Appellees.

Mr. Stebbins is a vexatious litigant whom three courts have had to restrain. One limited his new lawsuits; another barred further *pro se* actions; a third imposed advance review of his copyright claims. *Stebbins*, 2013 U.S. Dist. LEXIS 93528, at *8–10; Doc. No. 15-2; *Google*, 2023 U.S. Dist. LEXIS 169937, at *30. Those orders put Mr. Stebbins on unmistakable notice. He nevertheless brought another copyright

suit to silence a critic and carried the resulting dispute into this Court. PF&R 22–25; Order 4–8; Op. 2. A fee award would make him bear the reasonable cost of that appeal. Leaving the bill with Appellees would reward the persistence of the abuse.

**IV. The requested $960 reflects reasonable appellate work at $300 per hour.**

Appellees request a total award of $960: $960 in attorney's fees for 3.2 hours at $300 per hour, and $0 in expenses. Hardin Decl. ¶¶ 1, 12. Counsel's declaration identifies each service, date, time entry, and charge. *Id.* ¶¶ 7–12.

At $300 an hour, undersigned counsel's rate is a comparative bargain. Over a decade ago, a court within this Circuit approved rates of $550, $650, and $690 and a $293,550 lodestar for the litigation before it. *Evergreen Sports, LLC v. SC Christmas, Inc.*, No. 3:12-cv-00911, 2013 U.S. Dist. LEXIS 179252, at *24–26 (E.D. Va. Dec. 20, 2013). In a recent copyright case, the court approved partner rates of $715 and $795 and associate rates of $470 to $490. *Piuggi v. Good For You Productions LLC*, No. 1:23-cv-03665, 2026 U.S. Dist. LEXIS 160504, at *13–14 (S.D.N.Y. July 20, 2026). The resulting awards totaled $105,709.97 after reductions and correction of a clerical error. *Id.* at *16–18; *Piuggi*, 2026 U.S. Dist. LEXIS 234925, at *12–13 & n.4 (S.D.N.Y. Oct. 13, 2026). These comparisons reinforce the reasonableness of counsel's $300 rate and twelve years of experience. Hardin Decl. ¶¶ 3–5.

This request excludes the separate mandamus proceeding, No. 26-1398, all district-court fees and costs, and any estimated or unrecorded time for this fee application. Hardin Decl. ¶ 16. Appellees intend to seek district-court fees by separate motion there. *Id.*

The Court should award Joshua Moon and Lolcow LLC $960 in appellate attorney's fees against David Stebbins under 17 U.S.C. § 505. Hardin Decl. ¶¶ 1, 12.

Respectfully submitted this the 22nd day of October, 2026,

JOSHUA MOON
LOLCOW LLC

**By Counsel:**

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: HardinLawPLLC@icloud.com

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, I served this motion and its supporting declaration on David Stebbins through the Court's CM/ECF system.

Dated: October 22, 2026

/s/ Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*

## Certificate of Compliance

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,118 words, excluding the material exempted by Rule 32(f). It complies with Rules 27(d)(1)(E) and 32(a)(5)–(6) because it uses 14-point Times New Roman, a proportionally spaced typeface.

Dated: October 22, 2026

/s/ Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*