UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DAVID STEBBINS, PLAINTIFF/APPELLANT

VS. Case No. 26-1556

JOSHUA MOON AND LOLCOW, LLC DEFENDANTS/APPELLEES

# RESPONSE TO MOTION FOR ATTORNEYS FEES

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to the Defendant's Motion for Attorneys Fees in the above-styled action.

## This repeatedly-debunked, tired claim that I am just looking to silence criticism.

1. The Defendants once again allege that my sole motive is to silence criticism. They keep throwing this accusation around, again and again, but never offer any evidence.

2. Even now, they only rely on the equally-evidenceless and equally arbitrary “proposed finding” (which they incorrectly pass of as an express finding) from the magistrate judge who was literally removed from the case because of bias. They don't cite to any finding of the District Court judge. The District Judge never affirmed the Magistrate Judge's arbitrary and anger-induced finding that I was simply trying to chill criticism, and he certainly didn't point to (or even hint at) one iota of evidence.

3. If the Court will not overturn the district court's decision to deny me in forma pauperis, then I at least respectfully ask that it accept that there is no evidence that I am acting merely to silence criticism.

## I cannot appeal the finding of motive yet, so the Court should not impose fees for that reason until I can get a proper appeal.

4. At a minimu, I cannot appeal that finding just yet. I was able to appeal the denial of in forma pauperis because it was a collateral order under Cohen. But the finding that I am subjectively seeking to silence criticism was not necessary to make that order; therefore, I must wait until there is a final, appealable order before I can appeal that.

5. At a minimum, I respectfully ask that the Court withhold judgment on whether I am acting solely out of a desire to silence criticism until after my right to appeal that finding is properly before it. This means that it is improper to award attorneys fees as a penal matter at this stage.

## It's “abuse” simply because it's abuse. No other findings besides that.

6. Just like with the finding that I am only suing to silence criticism, the finding that my pleadings are somehow “abusive” is equally arbitrary. The only supposed “abuse” that they've alleged is the fact that I filed the complaint against the magistrate judge's law clerk. But that is constitutionally protected. Aside from that, nobody has pointed to anything I supposedly done in this district in order to “continue” any previous pattern of abuse.

7. To the contrary, for every arbitrary source the Defense points to that arbitrarily declare my filings are abusive, there are just as many pieces of evidence that suggest my copyright claims are legitimate. For example, they say that my lawsuits have been dismissed before upon a finding of fair use at the pleading stage? Well, there are just as many cases where courts did indeed consider fair use and found it to be wanting, or at least that a finding of fair use could not definitively be made at the pleading stage. Examples include...

(a) Case No. 24-4992 in the 9th Circuit, reversing in part because I had stated a claim upon which relief could be granted when I alleged that the Defendant "reproduced those [copyrighted] videos in their entirety." In reversing that, they admit that, when, as here, the Defendant copies literally 100% of the original copyrighted video, then that is a nonfrivolous claim for copyright infringement.

(b) When the case was remanded to district court, it was given Case Number 4:25-cv-04499-JSW in the Northern District of California. There, YouTube moved to dismiss, alleging both safe harbor and fair use (see Dkt. 45). The judge granted YouTube's motion to dismiss, but only on safe harbor grounds, meaning he tacitly conceded that he couldn't make a judgment on fair use just yet, at least not when the Defendant copied literally 100% of the original video. This is despite the fact that YouTube provided the Court with a full and complete copy of the infringing videos, so it's not like he's withholding judgment until he can *see* the infringing video; he literally already saw it, and he *still* couldn't make a call on fair use just yet.

(c) Case 3:24-cv-00398-LJC in the Northern District of California, Dkt. 52, where the Magistrate Judge made the following finding in reference to the fact that the Defendant in that case had also copied literally 100% of my original videos, literally every single last second of them:

> "Stebbins also plausibly alleges that Baz's use of Stebbins's complete or nearly complete videos diminished the market for Stebbins's works, because viewers interested in the topics at issue or the parties' feud could effectively see both parties' videos only by watching Baz's, with no need to watch Stebbins's videos. To the extent viewers might do so, they would deprive Stebbins of whatever monetary or reputational benefit he might receive from more people watching his videos on YouTube." See Dkt. 52, Page 14, Lines 15-19.

8. From these examples among others, it is clear that, in cases like this (where the Defendants are clearly acting out of a desire to create a market substitute so people can see my videos on their website where I receive no benefit, in an attempt to sabotage my success on YouTube; during the complaint, I even compared their behavior to vandalism as opposed to theft), I am not "abusing" the court system simply by filing suit in the first place.

9. It seems that even the District Court tacitly acknowledges this basic fact. Remember that, unlike most of my other copyright infringement cases, the infringing article is still publicly visible, and I even provide a link to it in my complaint. Unlike most other cases, the Court does not need to "accept as true" all of my well-pleaded factual allegations; they can see the infringing article with their own two eyes.

10. Because I was seeking leave to proceed in forma pauperis, the district court could just as easily have made the finding that fair use was apparent on its face, just like Judge Jeffrey White did in Case 4:22-cv-00546-JSW in the Northern District of California, Dkt. 36, Page 8 Line 16 through Page 9 Line 15 (dismissing a claim for copyright infringement before the alleged infringer even appeared in the case, on the grounds that fair use was apparent on the face of the complaint). This is an inherent power of the courts under 28 USC § 1915(e)(2)(B), but only when the applicant is otherwise granted leave to proceed in forma pauperis. Now that they're making me pay the filing fee, they lose the opportunity to throw the case out sua sponte.

11. The fact that they haven't gone that route, but instead opted to deny me IFP status altogether, suggests that they acknowledge that I have a colorable claim for copyright infringement. This is despite the fact that, even though they can see the infringing video with their own two eyes and can see for a fact if it (A) provides more than fleeting instances of criticism or commentary, (B) copies literally 100% of the original video, literally every single last second of it, and (C) creates a market substitute for the original, so it's not like they're just giving me the benefit of the doubt.

12. Clearly, they realized I have a case for copyright infringement. Otherwise they'd have just thrown the matter out on a § 1915(e) review.

13. Therefore, my filing is not abusive, and therefore, an award of attorneys fees is not warranted.

**This Court has not found that I have "abused" the system, only that the district court was within its discretion. The former finding is necessary to reimburse attorneys fees.**

14. In addition to all of that, lest we forget that this Court has not made the explicit finding that I have personally "abused" the court system (whatever that means). It has only made the finding that the District Court was *within its discretion* (not a de novo review, but a review simply for abuse of discretion) in denying the application for leave to proceed in forma pauperis. Nothing more, nothing less.

15. In fact, as I alluded to earlier, I *can't* appeal any other order to this court yet, not until I get a final, appealable verdict.

16. Therefore, I respectfully ask that the Court withhold judgment on whether I have "abused the court system," and therefore abstain from awarding attorneys fees, until I can get full due process on the matter.

## CONCLUSION

17. Wherefore, premises considered, I respectfully pray that the motion for attorneys fees be denied.

So requested on this, the 2nd day of November, 2026.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com