**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| DAVID STEBBINS,<br>Appellant,<br><br>v.<br><br>JOSHUA MOON, *et al.*,<br>Appellees. | 4th Cir. Case No. 26-1556<br><br>S.D. W.Va. Case No. 2:24-cv-140 |

**APPELLEES' REPLY IN SUPPORT OF MOTION FOR APPELLATE ATTORNEY'S FEES UNDER 17 U.S.C. § 505**

David Stebbins's opposition is built upon a foundational falsehood: Mr. Stebbins denies that the district judge adopted a finding that the instant suit aimed to chill criticism. Doc. No. 30 at 1. Unfortunately for Mr. Stebbins, the District Judge's order says the opposite: The District Court expressly adopted the magistrate's finding that this suit had an improper aim. Dist. Ct. ECF No. 41 at 1, 5, 10.

Stebbins then makes things worse. His remaining argument rests largely on selected passages from his own voluminous history of improper and unsuccessful copyright litigation. Those decisions recount the same abusive history Stebbins asks this Court to disregard.

Appellees seek $960 for defending the appeal they won. Doc. No. 25 at 2; Doc. No. 27-2 at 1, 4. Stebbins has made no objection to the hours expended or undersigned counsel's hourly rate. Doc. No. 30 at 1–4. His response gives the Court further reason to grant the motion, not any basis for denying it.

## I. The district court adopted the findings Stebbins denies.

The district court expressly adopted the Magistrate Judge's proposed findings & recommendation, which held, *inter alia*, that Stebbins filed the instant suit for an improper purpose. Not only did the judge adopt that finding, he even did it twice: the same phrase appears on both the first and last pages of the district court's order. Dist. Ct. ECF No. 41 at 1, 10. The underlying recommendation found: "Plaintiff's suit, therefore, expressly aims to chill his critics' voices." Dist. Ct. ECF No. 24 at 24. The district judge also explained that the action appeared to have an improper purpose and substantially resembled Stebbins's prior lawsuits dismissed as frivolous. Dist. Ct. ECF No. 41 at 5. Stebbins's assertion in this Court that Appellees have passed off an unadopted proposal as a finding is false.

The district court's finding also rested on Stebbins's own demands. He sought $900,000 and an injunction permanently terminating a critic's Kiwi Farms account and preventing his return. Dist. Ct. ECF No. 24 at 4, 23–24. The requested permanent ban exposed the purpose of the suit. Stebbins ignores that demand and treats the adopted finding as though it never existed.

**II. Stebbins's own cases illustrate a pattern of improper behavior and show why fees should be awarded.**

Stebbins presents selected rulings from his own copyright litigation as proof that this suit is legitimate. Doc. No. 30 at 2. Those rulings neither erase the findings of abuse in this case nor establish any right to continue this action without paying the filing fee. If anything, Stebbins's voluminous litigation history illustrates why fees are appropriate.

In *Stebbins v. Doe*, No. 24-4992, the Ninth Circuit reviewed an order barring his complaint under a vexatious-litigant pre-filing review requirement. Slip op. 1 (9th Cir. Jan. 28, 2025). The court refused to allow Stebbins to proceed on his channel-icon copyright claim and his claims for libel, intentional infliction of emotional distress, and conspiracy. *Id.* at 2–3. Stebbins somehow relies on this screening decision to support the legitimacy of the claims he brings here. Doc. No. 30 at 2. But that is nonsensical. The Ninth Circuit permitted four copyright claims to proceed past pre-filing review. It did not adjudicate a Rule 12(b)(6) motion, and it expressly stated: "We express no view on the merits of Stebbins's claims or the availability of any defenses." *Stebbins v. Doe*, No. 24-4992, slip op. at 3 (9th Cir. Jan. 28, 2025). Even accepting *arguendo* the extremely tenuous theory that California litigation involving unrelated parties has any bearing at all on Stebbins's underlying West Virginia case and this appeal, that Ninth Circuit ruling certainly did not entitle

Stebbins to keep filing copyright claims *in forma pauperis* and *ad infinitum*. Indeed, Stebbins even admits that more claims were dismissed on remand to the California District Court. Doc. No. 30 at 2.

That he has survived initial review has long been Stebbins's retort when courts enter findings of abuse. The Western District of Arkansas rejected that same argument in 2013. It explained that his ability to plead allegations sufficient to avoid immediate dismissal did not establish that his claims had merit. *Stebbins v. Stebbins*, No. 3:12-cv-03130, slip op. at 2 & n.1 (W.D. Ark. July 3, 2013), Doc. No. 15-3 at 2. The court then imposed filing restrictions. *Id.* at 5–6. Undeterred more than thirteen years later, Stebbins continues to offer the same meritless argument.

His argument about this case follows the same pattern. Because the district court permitted him to proceed if he paid the fee, he claims it necessarily recognized a sound infringement claim. Doc. No. 30 at 2–3. But the order expressly explained that the action appeared improper and resembled his prior frivolous suits. Dist. Ct. ECF No. 41 at 5. Permission to proceed upon payment was the condition imposed despite that history. It was not an endorsement of Stebbins's theory on the merits. Had Stebbins paid the filing fee, Appellees would have promptly moved to dismiss under Rule 12(b)(6). That motion would have been granted.

**III. Repeated copyright abuse warrants fees even when a claim is arguable.**

For the mere sake of argument, this Court can even assume that Stebbins has an arguable basis for his claims. The result would be the same, because even an arguable claim brought for an improper purpose merits an award of attorney's fees under the Copyright Act.

Stebbins never addresses *Kirtsaeng v. John Wiley & Sons, Inc.* That case holds that objective reasonableness receives substantial weight, but it is not dispositive and may be assessed alongside any other relevant circumstances. 579 U.S. 197, 208–09 (2016). A court may award fees for litigation misconduct "whatever the reasonableness of [the] claims or defenses." *Id.* at 209. A Court may also deter repeated, overaggressive copyright claims "even if the losing position was reasonable in a particular case." *Id.* Appellees submit that Stebbins was unreasonable and his claims patently frivolous, but this Court does not need to make any holding in that vein. It need only look to Stebbins's history and find that the circumstances justify an award of fees.

Three courts had already imposed filing restrictions as a result of Stebbins's repeated abuse of process. The Western District of Arkansas restricted his new actions. *Stebbins v. Stebbins*, slip op. at 5–6, Doc. No. 15-3 at 5–6. The Boone County Circuit Court found bad-faith harassment, awarded attorney's fees, and barred further *pro se* actions. *Stebbins v. Thompson*, No. CV2015-38-4, slip op. at

4–5 (Ark. Cir. Ct., Boone Cnty. Aug. 20, 2015), Doc. No. 15-2 at 4–5. The Northern District of California also imposed pre-filing review. The Ninth Circuit affirmed that restriction after confirming the required findings of frivolousness or harassment. *Stebbins v. Google LLC*, No. 24-1936, slip op. 4 (9th Cir. June 4, 2026), Doc. No. 24-2 at 4.

Those restrictions were designed to protect both the public and the courts, but they failed to prevent the obstreperous and malicious conduct Stebbins recapitulated here. The district court found an improper purpose for this litigation and continuing abuse of process, denied *in forma pauperis* status, and directed dismissal unless the filing fee was paid. Dist. Ct. ECF No. 41 at 4–10. Appellees then incurred the expense of successfully defending that ruling. Doc. No. 25 at 2; Doc. No. 27-2 at 2–4. Compensation and deterrence therefore support the requested award under *Kirtsaeng*, even if this Court somehow found that Stebbins had an arguable case (and he does not).

**IV. The completed appeal supports the requested $960 award.**

Stebbins asks the Court to await a future appeal before considering his motives or abuse. Doc. No. 30 at 1, 3. That is perhaps most emblematic of why fees should be awarded here: Mr. Stebbins sought this Court's interlocutory review and obtained it, but is already promising yet another appeal on the exact same issue following

final judgment. Stebbins has made the litigation process itself a punishment, and apparently intends to continue to do so in the months ahead.

Stebbins's promised attempt to relitigate the denial of leave to proceed *in forma pauperis* in a separate appeal following final judgment is doomed under the law of the case. It would force Appellees to defend (again) a ruling this Court has already affirmed. Doc. No. 25 at 2. That threat is further evidence that fees are appropriate.

The issues decided in this appeal do not remain open merely because the underlying action continues. The mandate rule forecloses relitigation of issues expressly or impliedly decided by the appellate court. *Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 481 (4th Cir. 2007). Mr. Stebbins came to this Court to appeal an order denying him leave to proceed *in forma pauperis* and directing dismissal unless he paid the filing fee. He apparently intends to separately appeal from the final judgment of dismissal on that same basis. Such a course of action will be inherently frivolous, and Mr. Stebbins will be barred by the law of the case from litigating the same issue in a second appeal.

It does not matter that Defendants won on procedural rather than merits grounds. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016) (holding that "a defendant need not obtain a favorable judgment on the merits" to qualify as a prevailing party). *Lackey v. Stinnie*, 604 U.S. 192, 204 n.* (2025) (expressly

preserving the earlier holding that "a defendant need not obtain a favorable judgment on the merits to prevail").

In *Van Hoomissen v. Xerox Corp.*, the court awarded a defendant fees for successfully defending an interlocutory appeal concerning the scope of the EEOC's intervention, although the underlying action remained pending. 503 F.2d 1131, 1133 (9th Cir. 1974). This Court recognizes final resolution of a separable dispute as a basis for such an award. *Smith v. University of North Carolina*, 632 F.2d 316, 348–49 (4th Cir. 1980). The separable dispute here was Stebbins's entitlement to prosecute this action without paying the filing fee. The district court denied that application, and this Court affirmed. Dist. Ct. ECF No. 41 at 1, 10; Doc. No. 25 at 2. Appellees obtained in this Court the full relief available on appeal, and the full relief they had requested in the district court.

The underlying copyright action remains pending *only* because the district court has not yet entered a formal dismissal. Its order already directed dismissal unless Stebbins paid the filing fee. Dist. Ct. ECF No. 41 at 10. He has not paid. Given that posture, no further substantive proceedings appear necessary before entry of formal dismissal. The dispute over Stebbins's entitlement to proceed *in forma pauperis* has been conclusively adjudicated in Appellees' favor. Appellees therefore prevailed in that separable dispute and should recover the fees incurred in successfully defending the judgment below.

**V. Stebbins has forfeited any challenge to the amount of the requested fees.**

Stebbins identifies no excessive time entry and no objection to the $300 hourly rate. Doc. No. 30 at 1–4. Matthew Hardin's declaration itemizes 3.2 hours of appellate work, confirms that the bills were paid, and excludes district-court work, the separate mandamus proceeding, and estimated or unrecorded application time. Doc. No. 27-2 at 2–5. Appellees request the same $960 supported by that declaration. The Court should grant the motion and award Joshua Moon and Lolcow LLC $960 against David Stebbins under 17 U.S.C. § 505.

Respectfully submitted this the 9th day of November, 2026,

JOSHUA MOON
LOLCOW LLC

By counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: HardinLawPLLC@icloud.com

## CERTIFICATE OF SERVICE

I certify that on November 9, 2026, I served this reply on David Stebbins through the Court's CM/ECF system.

Dated: November 9, 2026

/s/ Matthew D. Hardin
Matthew D. Hardin
*Attorney for Joshua Moon and Lolcow LLC*

## Certificate of Compliance

This reply complies with Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,875 words, excluding the material exempted by Rule 32(f). It complies with Rules 27(d)(1)(E) and 32(a)(5)–(6) because it uses 14-point Times New Roman, a proportionally spaced typeface.

Dated: November 9, 2026

/s/ Matthew D. Hardin
Matthew D. Hardin
*Attorney for Joshua Moon and Lolcow LLC*